# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2011

No. 10-30615
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AL DEANGELO COOPER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-154-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Al Deangelo Cooper was convicted by a jury of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and possession with intent to distribute 50 grams or more of crack cocaine.  Cooper was sentenced to a total of 240 months of imprisonment and to 10 years of supervised release.  Cooper contends that the district court erred in denying his motion to suppress the crack cocaine found in his vehicle based upon the automobile exception to the warrant requirement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"The standard of review for a motion to suppress based on live testimony at a suppression hearing is to accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law." *United States v. Outlaw*, 319 F.3d 701, 704 (5th Cir. 2003) (citations and internal quotation marks omitted). This court views the evidence in the light most favorable to the party that prevailed before the district court. *United States v. Laury*, 985 F.2d 1293, 1314 (5th Cir. 1993). "Questions of law are reviewed de novo, as are the district court's ultimate conclusions of Fourth Amendment reasonableness." *United States v. Vasquez*, 298 F.3d 354, 356 (5th Cir. 2002) (citations omitted).

The detail of the information given by the informant and the corroboration of this information by the agents was sufficient to establish probable cause that there was crack cocaine in Cooper's vehicle. *See United States v. Reyes*, 792 F.2d 536, 539-40 (5th Cir. 1986). Cooper's argument that the officers created exigent circumstances to intentionally circumvent getting a search warrant is unavailing. The officers were at the bus station conducting surveillance in an effort to corroborate the information provided by the informant that would justify obtaining a search warrant. Thus, they cannot be faulted for not having one in their possession before the information was in fact corroborated. *See id.* at 540. Cooper's argument that the automobile exception is inapplicable because his vehicle was not actually moving is similarly unavailing. Even where an automobile is not immediately mobile at the time of the search, "the lesser expectation of privacy resulting from its use as a readily mobile vehicle justifie[s] application of the vehicular exception." *California v. Carney*, 471 U.S. 386, 391 (1985). Accordingly, the district court did not err in denying Cooper's motion to suppress the evidence.

Cooper also contends that there was insufficient evidence to convict him on any of the above charges. Because Cooper moved for a judgment of acquittal at the close of the case, he has preserved his sufficiency claim for appellate review. *See United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000).

Accordingly, this court reviews to determine whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *See United States v. Lopez-Moreno*, 420 F.3d 420, 437-38 (5th Cir. 2005). This court does "not evaluate the weight of the evidence or the credibility of the witnesses, but view[s] the evidence in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict." *United States v. Delgado*, 256 F.3d 264, 273-74 (5th Cir. 2001).

As to his conspiracy conviction, Cooper contends that there was insufficient evidence to show the existence of an agreement to sell drugs. To establish a conspiracy to distribute a controlled substance, the Government must prove beyond a reasonable doubt: "(1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy." *United States v. Valdez*, 453 F.3d 252, 256-57 (5th Cir. 2006). There is nothing inherently incredible or insubstantial about the testimony of the informant linking Cooper to the conspiracy. *See United States v. Silva*, 748 F.2d 262, 266 (5th Cir. 1984). Viewing the evidence in the light most favorable to the jury's verdict, there was sufficient evidence to find that Cooper agreed to participate in a conspiracy to distribute crack cocaine. *See Lopez-Moreno,* 420 F.3d at 437-38.

As to his possession with intent to distribute conviction, Cooper argues that there was insufficient evidence to establish that he possessed the crack cocaine found in his vehicle. To establish the offense of possession of a controlled substance with intent to distribute, the Government must prove beyond a reasonable doubt that Cooper had (1) knowledge, (2) possession of a controlled substance, and (3) an intention to distribute the controlled substance. *See Delgado*, 256 F.3d at 274. "Possession may be actual or constructive and may be joint among several defendants." *United States v. Cardenas*, 9 F.3d 1139, 1158 (5th Cir. 1993).

No. 10-30615

It is undisputed that Cooper did not have actual possession of the crack cocaine seized from his vehicle.  However, "[c]onstructive possession exists if the defendant knowingly has dominion and control, or has the power to exercise dominion and control, over the drugs or if the defendant has knowing dominion and control over a vehicle in which the drugs are concealed." *United States v. Brito*, 136 F.3d 397, 411 (5th Cir. 1998) (citations omitted).  There is sufficient evidence to indicate that Cooper had constructive possession of the drugs found in his vehicle.  The informant testified that Cooper told him that he was going to the bus station that day to pick up a shipment of crack cocaine.  Further, Cooper is liable for Richard Rogers's actual possession of the drugs since it was in furtherance of the conspiracy. *See United States v. Lopez*, 979 F.2d 1024, 1031 (5th Cir. 1992).  Accordingly, Cooper's arguments lack merit and the judgment of the district court is AFFIRMED.